IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-445 |
| ) | |
| JAMES W. CARELL, ROBERT VINING, ) | Judge Thomas A. Wiseman, Jr. |
| DIVERSIFIED HEALTH MANAGEMENT, INC. ) | |
| (also known as CAREALL MANAGEMENT, LLC), ) | |
| THE JAMES W. CARELL FAMILY TRUST, ) | |
| CAREALL, INC., VIP HOME NURSING AND ) | |
| REHABILITATION SERVICES, LLC (also known ) | |
| as VIP HOME NURSING AND REHABILITATION ) | |
| SERVICES, INC.), PROFESSIONAL HOME ) | |
| HEALTH CARE, LLC (also known as ) | |
| PROFESSIONAL HOME HEALTH CARE, INC.), ) | |
| and UNIVERSITY HOME HEALTH, LLC (also ) | |
| known as UNIVERSITY HOME HEALTH, INC.), ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are five separate Motions to Dismiss filed respectively by defendants Robert Vining (Doc. No. 67); VIP Home Nursing and Rehabilitation Services, LLC, Professional Home Health Care, LLC and University Home Health, LLC (Doc. No. 70); James W. Carell and CareAll, Inc. (Doc. No. 74); CareAll Management, LLC f/k/a Diversified Health Management, Inc. ("Diversified") (incorrectly named in the Complaint as "Diversified Health Management, Inc. (also known as CareAll Management, LLC)") (Doc. No. 76); and the James W. Carell Family Trust (Doc. No. 78).

All of the defendants assert that the claims brought by the Government are barred by the applicable statutes of limitation. In addition, defendant James W. Carell Family Trust also argues that the claims against it are subject to dismissal on the grounds that (1) the Trust cannot be held liable as the owner of a corporate defendant alleged to have violated the FCA and the common law; and (2) the Amended Complaint does not assert facts that provide a legitimate basis for holding the Trust liable, on an alter ego theory, for an individual defendant's alleged violations of the FCA and the common law.

For the reasons explained in the accompanying Memorandum Opinion, the motions filed by James W. Carell and CareAll, Inc. and the James W. Carell Family Trust (Doc. Nos. 74 and 78) are

hereby **DENIED IN PART AND DEFERRED IN PART**; while the Court will **DEFER** ruling on the remaining motions (Doc. Nos. 67, 70, 76) in their entirety pending the Government's filing of a Second Amended Complaint.  More specifically:

(1)  The Court finds that the Government has pleaded sufficient facts to establish that the FCA claims asserted against defendants Carell, Diversified and the Trust are not barred by the statute of limitations contained in 31 U.S.C. § 3731(b)(2).  The motions to dismiss are therefore **DENIED** as to those claims.

(2)  The Amended Complaint pleads facts sufficient to establish alter ego liability on the part of the James W. Carell Family Trust.  The Trust's motion to dismiss the claims against it for failure to state a claim based on an alter ego theory of recovery is therefore **DENIED**.

(3)  With respect to the common-law claims asserted against all defendants, the Government has not pleaded facts indicating when those claims actually accrued for purposes of computing the limitations period under 28 U.S.C. § 2415 or determining whether it is necessary to apply a tolling period in order to salvage the claims.  The Court therefore **DEFERS** ruling on the motions to dismiss the common-law claims and hereby **GRANTS** the Government's request to file a Second Amended Complaint alleging facts sufficient to establish the date upon which those claims accrued.  The Government is hereby directed to file its Second Amended Complaint no later than **Tuesday, October 27, 2009**.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge