RECEIVED
IN CLERK'S OFFICE
SCANNED
JUN 1 0 2010
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 3:09-Cv-00445 |
| | ) | |
| JAMES W. CARELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTIONS TO PLAINTIFF'S SUBPOENA FOR STUDENT RECORDS DIRECTED TO CASHIER'S OFFICE, UNIVERSITY OF MISSOURI AT COLUMBIA**

The University of Missouri at Columbia (the Columbia campus of the University of Missouri whose legal name is "The Curators of the University of Missouri" ("University"), a non-party to the above action, pursuant to F.R.C.P. 45 (c)(2)(B) hereby objects to Plaintiff's subpoena to product and permit inspection and copying certain student records of Kerry D. Allen (aka Kerry Vining and Kerry Austin):

1. On or about June 4, 2010, the Cashier's Office, University of Missouri – Columbia, received by Federal Express a subpoena, attached as Exhibit A, directed to "Cashier's Office, University of Missouri at Columbia, Room 15 Jesse Hall, Columbia, MO 65211 from Plaintiff for the production, inspection and copying of "Any and all records relating to payments made to the University of Missouri at Columbia and/or its law school for services – including tuition, room and board – provided to Kerry D. Allen (aka Kerry Vining and Kerry Austing), including but not limited to, checks, credit card transactions, electronic funds transfers, cashiers checks, and money orders". Such

subpoena was issued from the United States District Court for the Middle District of Tennessee at Nashville in Civil Case No. 3:09-CV-00445. Such subpoena commands production to permit inspection and copying of the above documents to the following individual at the following address: Ellen Bowden McIntyre, Assistant U.S. Attorney, 110 9th Avenue South, Nashville TN (615) 736-2125 on June 18, 2010.

2. The Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. Section 1232g, 34 CFR Part 99, requires the University to protect the privacy of student information and to limit disclosure of such information to third parties until and unless the statutory and regulatory requirements for such disclosure have been met.

3. Section 34 CFR 99.31(9) permits disclosure without consent to comply with a "lawfully issued subpoena" after first attempting to notify the student of the institution's intent to comply with the subpoena.

4. The University, for which the Office of Admissions holds certain student records, does not believe Exhibit A is a lawfully issued subpoena because it was served by Federal Express rather than in person as required by Federal Rule of Civil Procedure (F.R.C.P.) 45(b)(1) and so was not effectively served.

5. The University further does not believe Exhibit A is a lawfully issued subpoena because it was not served at any place within the district of the court by which it was issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena, or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena, as provided

in F.R.C.P. 45 (b)(2). Columbia, Missouri is not within the Middle District of Tennessee, nor is it within 100 miles of the place of inspection and copying in Nashville, Tennessee.

6. F.R.C.P. 45(c)(2)(B) states that if a person commanded to produce and permit copying and inspection has served written objection, the party serving the subpoena shall not be entitled to inspect and copy the materials "except pursuant to an order of the court by which the subpoena was issued".

7. Neither the University nor the Cashier's Office on its Columbia campus has been ordered by any court to produce the subpoenaed records for inspection and copying.

8. The University is willing to comply with a lawfully issued and therefore personally served subpoena which complies with the above requirements of F.R.C.P. 45 after first notifying the student as provided in 34 CFR 99.31(9).

9. Alternatively, the University could comply with a request which constituted another exception stated in 34 CFR 99.31 to the FERPA privacy requirements, or could comply with a request for student information if the requester produces a signed, dated, written waiver from the student indicating to whom the information is to be released and for what purpose, as stated in 34 CFR 99.30.

For the above-stated reasons, The Curators of the University of Missouri objects to Plaintiff's subpoena for student records.

_____
KATHLEEN MURPHY MARKIE
Mo Bar No. 30438
Office of the General Counsel
227 University Hall
Columbia MO 65211
(573) 882-3211
FAX: (573) 882-0050
markiek@umsystem.edu

ATTORNEY FOR The Curators of
the University of Missouri

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was faxed and mailed this 7th day of June, 2010, to Ellen Bowden McIntyre, Assistant U.S. Attorney, 110 9th Avenue South, Nashville TN 37203; William T. Ramsey, David Bridgers and Robert A Peal, Neal & Harwell, 150 Fourth Avenue North, Suite 2000, Nashville TN 37219; James W. Price, Jr., Price, Rodgers, Hill & Kolarich, 201 Fourth Avenue, Suite 1800, Nashville, TN 37219; John P. Konvalinka and Tonya Cammon, Grant, Konvalinka & Harrison, PC, 633 Chestnut Street, Suite 900, Republic Centre, Chattanooga TN 37450-0900; John C. Hayworth, Kathryn Hays Sasser and Charles I Malone, Walker, Tipps & Malone PLC, 2300 One Nashville Place, 150 Fourth Avenue North, Nashville TN 37219.

_____
KATHLEEN MURPHY MARKIE