IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|     Plaintiff, | ) | No. 3:09-0445 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES W. CARELL, ROBERT VINING, | ) | JURY DEMAND |
| DIVERSIFIED HEALTH MANAGEMENT, | ) | |
| INC. (also known as CAREALL | ) | |
| MANAGEMENT, LLC), THE JAMES W. | ) | |
| CARELL FAMILY TRUST, CAREALL, | ) | |
| INC., VIP HOME NURSING AND | ) | |
| REHABILITATION SERVICES, LLC | ) | |
| (also known as VIP HOME NURSING AND | ) | |
| REHABILITATION SERVICES, INC.), | ) | |
| PROFESSIONAL HOME HEALTH CARE, | ) | |
| LLC (also known as PROFESSIONAL HOME | ) | |
| HEALTH CARE, INC.), and UNIVERSITY | ) | |
| HOME HEALTH, LLC (also known as | ) | |
| UNIVERSITY HOME HEALTH, INC.), | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS' EMERGENCY MOTION TO PRECLUDE THE PLAINTIFF FROM IMPROPERLY INSTRUCTING DEPONENTS NOT TO ANSWER QUESTIONS**

Defendants, through the undersigned counsel, respectfully request an Order preventing the United States ("Plaintiff") from instructing deponents not to answer questions for reasons other than those contained in Fed. R. Civ. P. 30(c)(2). Because Defendants have a forthcoming deposition on Friday, June 18, 2010, and because the United States has, on two occasions, improperly ordered the deponent not to answer questions for reasons other than those enumerated in Fed. R. Civ. P. 30(c)(2), Defendants file the instant emergency motion. The Local Rule 37.01(b)(3) statement is attached herein as **Ex. 1**.

## Background

Collectively, Defendants have conducted two discovery depositions in this case: the deposition of one of the United States' 30(b)(6) representatives, HHS OIG Special Agent Chris Covington, and the deposition of Carol McGuire, an employee of Palmetto General Benefits Administration, which is the Medicare Fiscal Intermediary that audited the cost reports at issue in this case.[1] At both depositions, counsel for the United States repeatedly instructed the deponents not to answer various questions.

During the May 14, 2010, deposition of Chris Covington, counsel for the United States instructed the deponent not to answer over a dozen questions, claiming that the questions were outside the scope of the 30(b)(6) notice and/or irrelevant. Dep. of Chris Covington, at 16-18, 21-23, 71-73, 75-76, 88-89, 206-207, 230-232, 235-236, 255 (attached herein as **Ex. 2**). This persisted despite repeated requests from Defendants' counsel that the United States refrain from this activity.

Similarly, during the June 11, 2010, deposition of Carol McGuire, counsel for the United States gave a "blanket instruction" to the deponent not to answer questions related to what she considered expert testimony,[2] despite the fact that Ms. McGuire utilized her expertise in accounting, and generally recognized government accounting standards, in undertaking her audits of two of the cost reports at issue in this case, which audits are directly relevant to the issues in this case. Dep. of Carol McGuire,[3] at 1-7 (attached herein as **Ex. 3**). Plaintiff has

---

[1] The United States announced at the beginning of Ms. McGuire's deposition that the United States represented Ms. McGuire because, among other reasons, Ms. McGuire is an employee of the United States, per regulations promulgated by the Department of Health and Human Services, with respect to work performed in connection with Palmetto's role as fiscal intermediary. Ex. 3 at 1, 6-7.

[2] During the course of the deposition, Ms. McGuire stated she has not been retained by Plaintiff as an expert witness.

[3] Defendants have attached a portion of Ms. McGuire's deposition testimony hereto as Exhibit 3. Because the deposition concluded only last Friday evening about 6:00 p.m., Defendants have only a rough copy of the first few pages of the deposition transcript. Defendants proffer that Plaintiff continued to assert its "blanket objection"

informed Defendants that it will give the same blanket instruction to all Palmetto employees, presumably including the deposition scheduled for this Friday, June 18, 2010.

### Discussion

"A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Courts have uniformly held the Rule means what is says. *In re Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.,* 2009 U.S. Dist. LEXIS 102913, at **4-5 (W.D. Ky. Nov. 4, 2009) ("Counsel shall instruct a deponent not to answer a deposition question only when necessary for one of the three reasons outlined in Fed. R. Civ. P. 30(c)(2) . . . ."); *see also Toledo Metal Wheel Co. v. Foyer Bros. & Co.*, 223 F. 350, 358 (6th Cir. 1915) ("[C]ounsel unwarrantably instructed the witness not to answer proper questions, and so, in large measure, rendered plaintiff's attempt to take the deposition 'futile and ineffective,' and [] his conduct in this behalf was 'obnoxious to the orderly, reasonable, and proper conduct of an examination.'"). Outside of these enumerated exceptions, counsel defending depositions have "no right whatever to impose silence or to instruct the witnesses not to answer[;]" if counsel believed the questions were improper she "should have done nothing more than state [her] objections." *Shapiro v. Freeman*, 38 F.R.D. 308, 311-312 (D.C.N.Y. 1965); *Lloyd v. Cessna Aircraft Co.*, 74 F.R.D. 518, 519 (E.D. Tenn. 1977) (On the similar facts holding that "[t]he government's conduct was wholly improper."). The United States' repeated instructions not to answer violate the plain language of Rule 30(c)(2) and this Court should order the United States to cease this practice.

Even if it were appropriate to ignore the Federal Rules of Civil Procedure and instruct a deponent not to answer for reasons other than those enumerated in Rule 30(c)(2), the United

---

throughout the deposition. Defendants can provide the Court with a final copy of the deposition transcript as soon as it is completed and provided by the court reporter.

States' substantive arguments fail as a matter of law. With respect to Mr. Covington's deposition, and more importantly, the remaining 30(b)(6) depositions in this case, Rule 30(b)(6) notice merely ensures that the party produces a witness prepared to testify. *King v. Pratt & Whitney, a Div. of United Technologies Corp.*, 161 F.R.D. 475 (S.D.Fla. 1995). This renders the description of the scope of the deposition in the notice as the minimum about which the witness must be prepared to testify, not the maximum. *Id.* "Limiting the scope of a 30(b)(6) deposition to what is noticed in the deposition subpoena frustrates the objectives of Rule 26(b)(1) whenever a deposing party seeks information relevant to the subject matter of the pending litigation that was not specified." *Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000).[4] Counsel for the Government, therefore, improperly instructed Special Agent Chris Covington not to answer questions she felt were outside the scope of the Fed. R. Civ. P. 30(b)(6) notice.

Similarly, Plaintiff's counsel incorrectly instructed Carol McGuire not to answer questions regarding opinions she held as an auditor for the fiscal intermediary who worked on the cost reports giving rise to Plaintiff's Complaint.[5] The Federal Rules of Evidence allow deposition questioning of an "actor" or "viewer" deponent, even if that deponent possesses scientific, technical, or other specialized knowledge, so long as the facts known or opinions developed by the deponent were not obtained in anticipation of litigation. *Quarantillo v. Consolidated Rail Corp.*, 106 F.R.D. 435, 437 (W.D.N.Y. 1985) (denying a protective order that

---

[4] Even the courts holding that a Rule 30(b)(6) deposition is limited to the topics noticed mandate that the defending party should not instruct the witness not to answer, but rather should adjourn the deposition to seek a protective order. *E.g.*, *Paparelli v. Prudential Ins. Co.*, 108 F.R.D. 727, 731 (D. Mass. 1985).

[5] In addition to providing its "global" or "blanket" instruction, throughout the deposition Counsel for the Plaintiff repeatedly instructed the deponent not to answer questions regarding (1) the structure and procedures inherent in the Medicare program, (2) the deponent's understanding of various terms used in the Medicare program, and (3) the deponent's understanding of certain complex documents. This repeated instruction did little more than confuse the deponent and cause her to decline to answer the particular question that preceded the objection.

4
Case 3:09-cv-00445 Document 136 Filed 06/15/10 Page 4 of 8 PageID #: 972

would have prevented the defendants from deposing a treating physician about the opinions he developed during the course of treating the plaintiff).

> T]he concept of expert has been broadened under the Federal Rules of Evidence and exempting all who might qualify would not make sense, even as to insights that involve the use of the person's expertise. Rule 26(b)(4) places limits on discovery of those insights only where they are developed for litigation, ordinarily at the insistence of counsel. Thus, the courts have regularly directed discovery as to information possessed by experts but not developed in anticipation of litigation.

8A Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2033 (2010) (footnotes omitted).

> It should be noted that the [Rule 27(b)(4)(A)] subdivision does not address itself to the expert witness whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to the transaction or occurrences that are part of the subject matter of the lawsuit. Such an expert witness should be treated as an ordinary witness.

Fed. R. Civ. P. 26(b)(4)(A), Advisory Committee Note.

The United States probably takes the position that an "actor" or "viewer" witness should be treated as an expert witness because counsel for the Government misread *United States v. White*, 492 F.3d 380 (6th Cir. 2007). The *White* court held that a criminal defendant is entitled to receive an expert report per Fed. R. Cr. P. 16 before the United States' expert opinion is introduced against him at trial. *Id.* at 398-408 ("Here, we find the government's notice failed to comply with Rule 16's minimal notice requirements."). Plaintiff United States fails to distinguish expert testimony at a criminal trial from a discovery deposition that questions an individual with specialized knowledge about the opinions the individual held during the relevant time.

On similar facts, less than two months ago, Judge Trauger held that a doctor involved in the FDA approval of a drug could, "as a fact witness who was involved in the events underlying

this case . . . testify regarding her personal involvement in the drug application process and the opinions she held at that time." *Smith v. Pfizer, Inc.*, 2010 U.S. Dist. LEXIS 42243, at **14-15 (M.D. Tenn. Apr. 29, 2010) (citing *White* for the proposition that "the Sixth Circuit has noted that the distinction between lay testimony and expert testimony 'is far from clear in cases where . . . a witness with specialized or technical knowledge was also personally involved in the factual underpinnings of the case.'"). Here, as in *Smith* (or much like a treating physician), Defendants are entitled to examine future Palmetto witnesses without the artificial limitations the United States imposed.[6]

For these reasons, Defendants respectfully request this Court schedule a telephonic hearing as soon as possible, but in any event in advance of Friday's deposition, and, at the conclusion of the hearing, enter an Order preventing the United States from instructing its deponents not to answer except in accordance with Rule 30(c)(2).

---

[6] Defendants reserve their right to reopen the depositions of Special Agent Covington and Ms. McGuire depending upon whether or not it will be required in light of future discovery.

6
Case 3:09-cv-00445   Document 136   Filed 06/15/10   Page 6 of 8 PageID #: 974

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s Robert A. Peal
    William T. Ramsey, # 009245
    W. David Bridgers, # 016603
    Robert A. Peal, # 025629
    2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 244-1713
*Counsel for James W. Carell and CareAll, Inc.*

**GRANT, KONVALINKA & HARRISON**

By: /s/John P. Konvalinka
    John P. Konvalinka, Esq.
    J. Scott McDearman, Esq.
    Tonya K. Cammon, Esq.
633 Chestnut Street
Ninth Floor, Republic Centre
Chattanooga, TN 37450

**PRICE, HILL & KOLARICH**

By: /s/ James W. Price, Jr.
    James W. Price, Jr. #003538
201 Fourth Avenue, North
Suite 1800
Nashville, TN 37219
*Counsel for Robert Vining*

**WALKER, TIPPS & MALONE, PLC**

By: /s/ John C. Hayworth
  John C. Hayworth, Esq.
  Kathryn Hays Sasser, Esq.
  Charles I. Malone, Esq.
2300 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219

7
Case 3:09-cv-00445 Document 136 Filed 06/15/10 Page 7 of 8 PageID #: 975

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served, via the Court's Electronic Filing System, upon the following counsel of record:

    Ellen Bowden McIntyre, Esq.
    Assistant United States Attorney
    110 Ninth Avenue South, Suite A-961
    Nashville, TN  37203

and via first class mail to:

    Susan Lynch, Esq.
    Department of Justice
    Civil Division
    Post Office Box 261
    Ben Franklin Station
    Washington, DC  20044

this 15th day of June, 2010.

                                               /s/ Robert A. Peal

8
Case 3:09-cv-00445   Document 136   Filed 06/15/10   Page 8 of 8 PageID #: 976