# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:09-0445 |
| ) | JUDGE WISEMAN/KNOWLES |
| ) | |
| ) | JURY DEMAND |
| ) | |
| JAMES W. CARELL, ROBERT VINING, ) | |
| DIVERSIFIED HEALTH MANAGEMENT, ) | |
| INC. (also known as CAREALL ) | |
| MANAGEMENT, LLC), THE JAMES W. ) | |
| CARELL FAMILY TRUST, CAREALL, INC., ) | |
| VIP HOME NURSING AND ) | |
| REHABILITATION SERVICES, LLC (also ) | |
| known as VIP HOME NURSING AND ) | |
| REHABILITATION SERVICES, INC.), ) | |
| PROFESSIONAL HOME HEALTH CARE, ) | |
| LLC (also known as PROFESSIONAL HOME ) | |
| HEALTH CARE, INC.), and UNIVERSITY ) | |
| HOME HEALTH, LLC (also known as ) | |
| UNIVERSITY HOME HEALTH, INC.), ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon "Defendants' Emergency Motion for Sanctions, Contempt, and to Preclude the Plaintiff from Improperly Instructing Defendants Not to Answer Questions." Docket No. 144. Plaintiff has filed a Response to the Motion (Docket No. 145), and with leave of Court (Docket No. 147), Defendants have filed a Reply (Docket No. 148). The Motion and Response were filed July 27, 2010, while the Reply was filed July 28, 2010. The Court held a conference call with counsel for the parties on July 28, 2010.

As the Court has previously noted (*see* Docket Nos. 136, 137, 138), Fed. R. Civ. P. 30(c)(2) provides in relevant part:

> A person may instruct a deponent not to answer [a question in a deposition] only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Plaintiff has taken the position that its instructions to certain witnesses not to answer deposition questions is and was necessary "to enforce a limitation ordered by the court." Plaintiff's theory is that the Court's Order amending the Initial Case Management Order (Docket No. 128) is such a limitation. Plaintiff makes a convoluted argument that the referenced Order provided that expert discovery will not begin until November 15, 2010, and that under Rule 26(b)(4)(A), an expert's deposition may be conducted only after the report required by Rule 26(a)(2)(B) is provided. Thus, Plaintiff reasons, Defendants may not ask witnesses any questions that might elicit expert opinions, because the period for expert discovery does not begin until November 15, 2010.

As the Court noted during the conference call, however, nothing in the referenced Order is, or was intended to be, "a limitation ordered by the court." The referenced Order merely sets deadlines for the filing of Plaintiff's expert report(s) (November 15, 2010) and for the completion of Plaintiff's expert depositions (December 15, 2010). Plaintiff is free to designate experts at any time on or before November 15, 2010. Obviously, if Plaintiff designates experts before that deadline, Defendants can take their depositions before the December 15, 2010, deadline. As the Court explained to counsel for Plaintiff nothing in the Order *limits* expert discovery to only the period of time between the disclosure of the expert reports and the completion of the expert depositions.

Moreover, to the extent that Plaintiff relies on Rule 26(b)(4)(A), there are at least two problems with Plaintiff's position. First, as the Court understands the situation, the witnesses that have been deposed, while they may have some expertise in certain areas, are actor-viewer witnesses, not necessarily witnesses "retained or specifically employed to provide expert testimony in the case . . . ." Rule 26(a)(2)(B). It is, therefore, not at all clear that Rule 26(a)(2)(B) requires reports from these "experts."

Second, even if Rule 26(b)(4)(A) were applicable, that Rule is one of the Federal Rules of Civil Procedure; it is not "a limitation ordered by the court."

For the foregoing reasons and those discussed during the referenced conference call, Plaintiff cannot appropriately instruct a deponent not to answer a deposition question, under the circumstances presented, pursuant to Rule 30(c)(2).

The portion of the instant Motion regarding sanctions and contempt is taken under advisement.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

3