IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:09-cv-00445 |
| | ) | Judge Wiseman |
| v. | ) | Magistrate Judge Knowles |
| | ) | |
| JAMES W. CARELL, et al., | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' EMERGENCY MOTION
TO QUASH AND FOR A PROTECTIVE ORDER RELATING TO NOTICES OF
DEPOSITION OF THE UNITED STATES ATTORNEY'S OFFICE AND THE
<u>FEDERAL BUREAU OF INVESTIGATION</u>**

Pursuant to Fed. R. Civ. P. 26(c) and 45(c)(3), the United States respectfully requests that this Court grant its request to quash and for a protective order related to the Defendants' six notices of deposition for testimony from the United States Attorney's Office for the Middle District of Tennessee (USAO) and the Federal Bureau of Investigation (FBI)[1] which have been noticed for next week.

The next business day after this Court denied the Defendants' request for an extension of the discovery deadline, on September 27, 2010, Defendants served six Notices of Deposition on the United States seeking testimony from government witnesses that is objectionable because it seeks privileged and irrelevant information and is unduly burdensome[2].

---

[1] <u>See</u> Notice of USAO (USAO Notice), attached at Tab 1; Notice of FBI (FBI Notice), attached at Tab 2; Notice of Assistant United States Attorney Michael Roden (Roden Notice), attached at Tab 3, Notice of Special Agent Don Mason (retired) (Mason Notice), attached at Tab 4; Notice of Special Agent Adriaan Valk (Valk Notice), attached at Tab 5; Notice of Special Agent Scott McFarland (McFarland Notice), attached at Tab 6.

[2] If this Court were to find that this discovery is permissible, then these depositions would have to be scheduled at a time when the witnesses are available, and not when they are currently scheduled.

1

The United States' motion should be granted for the following reasons: (1) the proposed testimony violates the investigatory files privilege; (2) the deponents have not been granted authority to testify by the Department of Justice; (3) much of the requested testimony qualifies as attorney work product; (4) much of the proposed testimony violates the Sixth Circuit's rules against deposing opposing counsel; and (5) the Defendants' requests are unduly burdensome and irrelevant.

Respectfully submitted,

JERRY E. MARTIN
United States Attorney
Middle District of Tennessee

ELLEN BOWDEN MCINTYRE (BPR 023133)
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

s/ Susan Lynch
JOYCE R. BRANDA
SARA MCLEAN
SUSAN LYNCH
Attorneys, Civil Division

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was mailed by regular U.S. mail to: **William T. Ramsey, David Bridgers and Robert Peal**, Neal & Harwell, 150 Fourth Avenue North, Suite 2000, Nashville, TN 37219; **James W. Price, Jr.**, Price, Rodgers, Hill & Kolarich, 201 Fourth Avenue, Suite 1800, Nashville, TN 37219; **John P. Konvalinka and Tonya Cammon**, Grant, Konvalinka & Harrison, PC, 633 Chestnut Street, Suite 900, Republic Centre, Chattanooga, TN 37450-0900; **John C. Hayworth, Kathryn Hays Sasser and Charles I. Malone**, Walker, Tipps & Malone PLC, 2300 One Nashville Place, 150 Fourth Avenue North, Nashville, TN 37219.

By: /s/ Ellen Bowden McIntyre