

**U.S. Department of Justice**

United States Attorney
Middle District of Tennessee

---

Suite A-961　　　　　　　　　　　　　　　　　Telephone (615) 736-5151
110 9th Avenue South　　　　　　　　　　　　　　　Fax (615) 736-5323
Nashville, Tennessee 37203-3870

October 5, 2010

Rob Peal
Neal & Harwell
150 Fourth Avenue North, Suite 2000
Nashville, TN 37219

     Re:    *United States v. Carell et al.*, No. 3:09-cv-00445 (M.D. Tenn.)

Dear Rob:

     I write to address some pending discovery and deposition requests served by Defendant James W. Carell. These requests seek Rule 30(b)(6) testimony from the United States Attorney's Office and the FBI and the depositions of Assistant U.S. Attorney Mike Roden and two FBI agents. The deposition topics include, *inter alia*, FBI rules and procedures about documents and opening and closing case files, old FBI investigations of Defendants, and the procedures for communications between the civil and criminal divisions of the U.S. Attorney's Office. Although the discovery requests do not specifically request it, we understand that you also want the United States to produce any old FBI files on Defendants.

     The United States believes that all of the above deposition notices and your request for old FBI files are inappropriate under the law of the case. Specifically, Judge Wiseman's memorandum opinion rejected Defendants' argument that the official charged with responsibility to act under the False Claims Act is a client agency of the United States and instead found that "the official charged with responsibility to act under the limitations period established by § 3731(b)(2) is an official within the Justice Department." Doc. 85 at 7. Moreover, Judge Wiseman further wrote:

> it is clear that the material fact of which the Government needed to be aware prior to taking any action was not simply the related-party relationship but the filing of fraudulent or falsified cost reports that failed to disclose the related-party relationships. The reports upon which the Government's claims are premised were filed on October 28, 1999 [for Professional FY 1999], November 29, 1999 [for VIP FY 1999], May 26, 2000 [for University FY 1999], October 31, 2000 [for Professional FY 2000], November 27, 2000 [for VIP FY 2000], June 14, 2002 [for University FY 2000], July 31, 2002 [for VIP FY 2002], and August 1, 2002 [for Professional FY 2001]. Palmetto's knowledge of the related-party

problem as it related to other cost reports for other years that predated the filing of the contested cost reports, is therefore beside the point.

*Id.* at 10.

Under the law of the case, Defendant Carell should not be able to take the depositions outlined above. The United States has previously identified in its privilege log and in redacted documents it produced, documents that reveal the precise date when the United States Attorney's Office actually learned about the material facts in this case: August 22, 2005. The United States has obtained a copy of one FBI file about a defendant in this case -- VIP -- from the period before August 22, 2005. Although that file concerns VIP, it is totally irrelevant to this case and not reasonably calculated to lead to the discovery of admissible evidence for two reasons. First, as in the scenario discussed in the Court's opinion, it concerned a prior fiscal year -- here, 1997 -- which is well before the cost report fiscal years at issue in this case. Second, the old FBI file concerned a medical necessity issue about whether non-homebound persons were properly receiving home health services, which is a completely different issue than the related party issue present in the current case.

To the extent you seek further assurances as to the total irrelevance of this file, the United States will make non-privileged portions of the old FBI file available for you to inspect at our office between October 6th and 13th, 2010. We will not make this file available for copying. Please contact Mechele Gentry at 736-5151 to arrange for a time to inspect the file.

The United States also advises you that it does not believe that any of the above-outlined depositions are appropriate, and we believe that they intrude into the attorney-client, work product, law enforcement and deliberative process privileges. Given that the topics you have listed for the deposition have no relevance to this litigation, the noticed depositions are burdensome and inappropriate. We intend to seek relief from the Court if this dispute cannot be resolved otherwise.

We would be glad to discuss our views on this matter with you and invite you to meet and confer with us at your earliest convenience.

Sincerely,

JERRY E. MARTIN
United States Attorney

By: Ellen Bowden McIntyre
Assistant United States Attorney

cc: counsel of record