# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-00445 |
| | ) JUDGE WISEMAN/KNOWLES |
| JAMES W. CARELL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon two related Motions filed by Defendants: (1) Defendants' "Emergency Motion for Sanctions, Contempt, and To Preclude The Plaintiff From Improperly Instructing Deponents Not to Answer Questions" (Docket No. 144); and (2) Defendants' "Motion to Reopen Depositions, For Sanctions Under Rule 30(d)(2), and for Relief From Rule 30(d)(1)" (Docket No. 156). Plaintiff has filed Responses to both Motions (Docket Nos. 145, 167), and Defendants have filed Replies (Docket Nos. 148, 174).

The issues raised in the instant Motions began with Defendants' previously-filed "Emergency Motion to Preclude Plaintiff from Improperly Instructing Deponents Not to Answer Questions." Docket No. 136. In that Motion, Defendants argued that Plaintiff had, on two prior occasions, improperly ordered deponents appearing under Fed. R. Civ. P. 30(b)(6) not to answer questions for reasons other than those enumerated in Fed. R. Civ. P. 30(c)(2). The two deponents were Special Agent Chris Covington and Carol McGuire, an employee of Palmetto General Benefits Administration, which is the Medicare Fiscal Intermediary that audited the cost

reports at issue in this action.[1] Defendants stated that counsel for Plaintiff had instructed Mr. Covington not to answer "over a dozen questions," on grounds that the questions asked were outside the scope of the Rule 30(b)(6) notice and/or were irrelevant. Defendants further stated that counsel for the United States had given a "blanket instruction" to Ms. McGuire not to answer the questions related to what counsel considered to be expert testimony. Defendants stated that they were planning to take a deposition of another Palmetto employee and were concerned that Plaintiff would again instruct the witness not to answer for reasons other than set forth in Rule 30(c)(2).

The day after that Motion was filed, Plaintiff filed a "Notice" concerning the Motion, which essentially stated that Defendants had opted to postpone the deposition of the other Palmetto employee, Sara Hays, which would have been affected by the Court's ruling on the Motion, for reasons unconnected to the Emergency Motion. The same day that Notice was filed, the undersigned entered an Order that granted the Motion and provided, "Plaintiff shall not improperly instruct deponents to answer questions for reasons other than those contained in Fed. R. Civ. P. 30(c)(2)." Docket No. 138, p. 2. That Order stated in relevant part:

> As Defendants correctly state, Rule 30(c)(2) provides in relevant part, "A person may instruct a deponent not to answer a question only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." The language of Rule 30(c)(2) is clear and unambiguous.
>
> Without considering or ruling upon any previous factual scenarios, the Court observes that all parties are expected to and required to abide by the Federal Rules of Civil Procedure.

---

[1] Under these circumstances, the United States apparently was appropriately representing the Palmetto deponent.

*Id.*

The first of the instant Motions was filed several weeks thereafter, when Defendants began the postponed deposition of Ms. Hays. The Motion stated that, as it was being filed, Defendants were then conducting a Rule 30(b)(6) deposition and that Plaintiff had, on three occasions, improperly ordered the deponent not to answer questions for reasons other than those enumerated in Fed. R. Civ. P. 30(c)(2). Defendants referred to the following exchange that had taken place approximately one hour into the deposition:

> Q [By Mr. McDearmon] Why were you communicating with Covington about University and Professional/VIP?
>
> A. The case was transferred from Mr. Turner to Mr. Covington.
>
> Q. What was the referral?
>
> A. There was a possible undisclosed related party.
>
> Q. What are related parties?
>
> Ms. McIntyre: Objection. We have the same instruction in so far as you are asking blanket questions of her understanding of various Medicare terms and I am going to instruct her not to answer.

Docket No. 144, p. 2-3 (footnote omitted).

Defendants stated that Plaintiff's counsel had taken the position that the questions being asked were "expert" questions, and that no witnesses should be required to answer such questions until and unless they were first designated as expert witnesses. Defendants requested that the Court enforce its prior Order (Docket No. 138).

The same day the first of the instant Motions was filed, Plaintiff filed a Response, explaining that, before any of the depositions of Palmetto witnesses had occurred, Plaintiff's counsel wrote to defense counsel, explaining its position as follows:

3

> I wanted to confirm the United States' position that I discussed yesterday with all defense counsel concerning the expert phase of discovery. Case law provides that Palmetto witnesses have a combination of both lay and expert testimony. . . . *The scheduling order in this case clearly sets forth a period for expert discovery, and all matters that fall into that category must be reserved for that period.*

Docket No. 145, p. 1-2 (emphasis added).

Plaintiff further explained:

> The Court's scheduling order in this case provides that fact discovery closes on October 18, 2010 and that the Plaintiff's expert reports are due on November 15, 2010. (Docket No. 128 at 1).
>
> This Court's prior order on Defendants' emergency motion on this same subject instructed the parties to follow Rule 30(c)(2). The United States has complied with that Order – and with the Rule itself – by grounding the objection in the intent "to enforce a limitation [on expert discovery] ordered by the Court," Fed. R. Civ. P. 30(c)(2), *since the Court has ordered that expert discovery not commence in this case until November*."

Docket No. 145, p. 3 (emphasis added).

The Court held a telephone conference with counsel for the parties the day after Defendants' Response was filed, and a transcript of that telephone conference is part of the record in this action. Docket No. 153. The transcript of that telephone conference call states in relevant part as follows:

> [The Court]: Well let me ask you another question Ms. McIntyre, the Rule that has been cited in my previous order, Rule 30(c)(2), the last sentence which I think has been focused on before . . . . I take it your argument is that you're instructing a deponent not to answer in order to enforce a limitation ordered by the Court?
>
> Ms. McIntyre: Yes, Your Honor.
>
> [The Court]: And what limitation is that?

4

Ms. McIntyre: That is the Court's scheduling order, and I don't have the date in front of me.

[The Court]: I've got it here. Where does it say anything about limiting expert depositions?

Ms. McIntyre: Well, the order states the fact that discovery closes on I believe October 15th –

[The Court]: Yeah.

Ms. McIntyre: Then the next step is that expert reports are due on November 15th I believe – –

[The Court]: Yes ma'am, but you see, what the order says is the deadline for Plaintiff's expert reports is November 15th, 2010. It doesn't say that you have to wait until November 15th of 2010 in order to begin expert discovery or in order to submit your expert reports, that's just the deadline for doing it. I have real trouble figuring out what limitation the Court has ordered in this case.

Ms. McIntyre: Your Honor, we certainly didn't mean to misread your order, but we certainly understood that the order meant that one could not begin expert, take expert depositions until after experts had been designated and the reports had been provided.

[The Court]: And why did you believe that?

Ms. McIntyre: I believed that because that's what I thought your order implicitly and somewhat explicitly entailed.

[The Court]: Well, you know, you may have believed that, and I don't see how you know, how you look at the order and you get the idea that I have somehow restricted expert depositions only to occur after November 15, 2010, because as I say, you know, you could have designated an expert last month if you'd wanted to and the Defendants could have taken the deposition of the expert shortly after you designated the expert, and there's nothing in the order that prevents that.

Ms. McIntyre: Be that as it may, Your Honor, we have not designated any experts, nor have we provided any expert reports.

[The Court]: Well, and that tells me that if your theory is that you

> can instruct a person not to answer to enforce a limitation ordered by the Court, I didn't order any such limitation. Now you may think I did, but I don't believe I did and I'll explain to you right now that I certainly didn't intend to, and I don't think the order says that.
>
> Ms. McIntyre: Well, Your Honor, if we misread the order in any way, we certainly apologize and did not intend to do so. We believed based on our practice and the Court order and also the case law, that expert discovery cannot begin until the expert, that they cannot take any depositions until an expert has been designated and the Court, and and – –
>
> [The Court]: Well now you're getting to rule and case law, and Rule 30(c)(2) as I just said, provides only when necessary to enforce a limitation ordered by the Court, I didn't order that you couldn't do expert depositions before an expert report was prepared, I mean, that may be in a Rule somewhere, but that's not a Court order, that's not a Court ordered limitation as far as I'm concerned.
>
> . . .
>
> [The Court]: Well let me ask you this question, and see if you know, may be a question of strategy that you can't or don't want to answer and you don't have to. Why did you choose to instruct them not to answer rather than filing a motion for protective order?
>
> Ms. McIntyre: Well, Your Honor, we read your order in the way that we stated, if we were mistaken, we sorely regret that error.

Docket No. 153, p. 6-9, 11.

That same day, the Court entered an Order addressing the first of the instant Motions. The Order generally reflects the Court's comments in the transcript discussed above. The Order concludes as follows:

> For the foregoing reasons and those discussed during the referenced conference call, Plaintiff cannot appropriately instruct a deponent not to answer a deposition question, under the circumstances presented, pursuant to Rule 30(c)(2).
>
> The portion of the instant Motion regarding sanctions and

6

contempt is taken under advisement.

Docket No. 149, p. 3.

Thus, the only matters that remain at issue in the first of the instant Motions are matters of sanctions and contempt.

In the second of the instant Motions, Defendants seek to reopen the three depositions referred to above, in order to allow Defendants to pose questions to the deponents that the Plaintiff wrongfully directed the deponents not to answer. The Motion also seeks sanctions under Rule 30(d)(2), and seeks relief from Rule 30(d)(1) regarding the seven hours limitation on a deposition. Rule 30(d)(2) states, "The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 30(d)(1) provides:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Plaintiff filed a Response to the Motion, stating in part that, immediately following the Court's telephonic ruling on July 28, 2010, Plaintiff had offered to reopen the depositions of Ms. Hays and Ms. McGuire in Nashville. Docket No. 167, p. 2. Plaintiff argued that, under the circumstances, sanctions were inappropriate. Plaintiff further argued that the Court should limit the time allotted for the reopened depositions to two hours each, rather than the seven hours each requested by Defendants. Plaintiff further stated that the parties had reached an agreement with

7

regard to Mr. Covington's deposition.[2]

Defendants subsequently filed a Reply (Docket No. 174), which states in relevant part, "The parties appear to be in agreement that all of the requested reopened depositions are required; the only contested issues, therefore, are duration and cost." Docket No. 174, p. 1. In their Reply, Defendants also argued that a two hour time period to conduct the reopened depositions is not sufficient, and that Plaintiff should bear the "costs" of these reopened depositions. *Id*., p. 2.

As discussed above, therefore, the only matters at issue in the first of the instant Motions are contempt and sanctions. Contempt is clearly not an appropriate consideration. A finding of civil contempt is appropriate only when the party moving for contempt is able to show by a clear and convincing evidence that his adversary "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with the knowledge of the court's order." *Liberte Capital Group, LLC v. Capwill,* 462 F.3d 543, 550 (6th Cir. 2006). The Order must be "clear and unambiguous" and any ambiguity in the Order must be resolved in favor of the party charged with contempt. *Id.*

The undersigned concludes that Plaintiff did not knowingly violate any Court Order. The Court has no reason to believe that there was any bad faith on the part of Plaintiff, or that Plaintiff's interpretation of any Court Orders was anything other than a misunderstanding. Given this misunderstanding of the interplay between the Scheduling Order and Rule 30(c)(2),

---

[2] Plaintiff pointed out that Defendants had conceded that a personal deposition, as opposed to a reopened Rule 30(b)(6) deposition, of Agent Covington would be sufficient. Docket No. 167, p. 3, citing Docket No. 156, p. 9. Additionally, Defendants requested that the Court find that Agent Covington's personal deposition not count against the Defendants' twenty-five deposition limit, and United States agreed to that request. Docket No. 167, p. 3-4.

the Court does not fault Plaintiff for not filing a Motion for a Protective Order under the circumstances. Moreover, following the Court's ruling on July 28, Plaintiff did not wrongly instruct witnesses not to answer.

Additionally, the contempt authority of a United States Magistrate Judge is restricted in cases such as this. *See* 28 U.S.C. § 636(e). In the instant case, the undersigned could not adjudge Plaintiff in contempt, but could merely certify the facts that possibly constitute a civil contempt to a District Judge, for further proceedings by the District Judge. 28 U.S.C. § 636(e)(6)(B)(iii). For the foregoing reasons, however, the undersigned declines to certify the foregoing facts to Judge Wiseman as a possible instance of civil contempt.

While the first of the instant Motions also seeks sanctions, the Motion provides no authority for that request; the Motion simply asks that the Court "award Defendants the reasonable expenses, including attorney's fees, of prosecuting this Motion . . . ." Docket No. 144, p. 5.

As Plaintiff correctly argues, sanctions are not appropriate under Rule 37(b) (assuming that Defendants seek sanctions under Fed. R. Civ. P. 37(b)). Rule 37(b) is headed "Failure to Comply with a Court Order," and it must be read in conjunction with Rule 37(a). Rule 37(a)(3)(B)(i) provides that if a deponent fails to answer a question asked under Rule 30, a party may move for an order compelling an answer. If the Court grants such a motion and enters an order compelling discovery, sanctions may be appropriate *for failing to obey that order*, under Rule 37(b)(2)(A). In the case at bar, Defendants did not file a Motion to Compel and the Court did not enter an Order compelling deponents to respond to any specific questions.

In the second of the instant Motions, Defendants seek sanctions under Rule 30(d)(2), which is quoted above. It appears that sanctions under Rule 30(d)(2) may be appropriate in instances where counsel instructs a witness not to answer a question in a deposition. As Defendants concede, however, the Sixth Circuit has upheld sanctions in that situation where the instructions not to answer "rendered plaintiff's attempts to take the deposition 'futile and ineffective,' and . . . his conduct in this behalf was 'obnoxious to the orderly, reasonable, and proper conduct of an examination.'" *Toledo Metal Wheel Co. v. Foyer Bros. & Co.,* 223 F. 350, 358 (6th Cir. 1915).

In the case at bar, Defendants do not argue that their attempts to take the depositions at issue were "futile and ineffective." In fact, it appears that Defendants proceeded to take the full seven hours each of Ms. Hayes and Ms. McGuire's depositions after the instructions not to answer certain questions were given. Docket No. 167, p. 2.

Additionally, as Plaintiff argues, after the Court's ruling on July 28, 2010, Plaintiff obeyed the Court's Order and did not instruct witnesses not to answer Defendants' questions. Plaintiff also offered to reopen the depositions at issue in Nashville.

Under these circumstances, the Court does not believe sanctions against Plaintiff under Rule 30(d)(2) are appropriate.

Finally, the issue of the duration of the reopened depositions remains. Defendants argue that they should be allowed an additional 7 hours each for Ms. McGuire and Ms. Hays. Docket No. 156, p. 10. Plaintiff argues that it would be sufficient to allow Defendants a period of 2 additional hours for each witness. Defendants state:

> [A] After this Court's July 18, 2010, order, Defendants deposed
> three significant Palmetto witnesses and asked all of the above

> questions to these witnesses. One of these witnesses was Sharon
> Roberts, the person to whom both Sara Hays and Carol McGuire
> reported. The United States permitted all of these questions to be
> answered. In each of these three Palmetto depositions, the
> Defendants concluded their depositions in approximately five
> hours. In this five hour period, all Defendants' counsel had the
> opportunity to question the witnesses on these "critical" topics.
> Therefore, it seems reasonable that the Defendants could ask their
> limited questions with reasonable follow-up in a two hour period.

Docket No. 167, p. 3.

As discussed above, Defendants apparently spent 7 hours each on the record with both Ms. Hays and Ms. McQuire at their initial depositions. Docket No. 167, p. 2. Plaintiff states that the witnesses were instructed not to answer only a "small number of questions." *Id.*

The Court is reluctant to allow Defendants an additional 7 hours each for the reopened depositions of Ms. Hays and Ms. McGuire. As discussed above, Defendants could have filed a Motion to Compel with regard to any specific questions that Plaintiff instructed the witnesses not to answer. If Defendants had done so, the Court would have a better idea of how many questions might be at issue. As it stands, however, the Court has no idea how many questions are at issue for each witness.

Given these facts, it seems appropriate to allow Defendants to redepose Ms. Hays and Ms. McGuire for a period of 3 hours each. The Court presumes that Defendants will appropriately restrict the scope of the questions that will be asked and will attempt to minimize the time necessary to finish these depositions. If problems arise, the Court encourages the parties to attempt to resolve them.[3]

---

[3] One point Defendants raise in support of their request for an additional seven hours for each deposition is that the prior depositions were lengthy because, "excessive time on the record and on the clock was wasted while the deponent searched for and reviewed documents before

11

For the foregoing reasons, Defendants' requests for sanctions and contempt in their "Emergency Motion for Sanctions, Contempt and To Preclude The Plaintiff From Improperly Instructing Deponents Not to Answer Questions" (Docket No. 144) are DENIED.

Defendants' "Motion to Reopen Depositions, for Sanctions Under Rule 30(d)(2), and for Relief From Rule 30(d)(1)" (Docket No. 156) is GRANTED IN PART and DENIED IN PART. The portion of the Motion seeking sanctions is DENIED. The portion of the Motion to reopen depositions is DENIED AS MOOT, in view of the parties' agreement discussed above. The portion of the Motion seeking relief from Rule 30(d)(1) is GRANTED, as provided above.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

---

responding to questions." Docket No. 156, p. 9 (footnote omitted). Any issue regarding that situation is not properly before the Court with regard to the instant Motions.