**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:09-00445** |
| | ) | **JUDGE WISEMAN/KNOWLES** |
| | ) | |
| **JAMES W. CARELL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court upon a "Motion for Leave to File Document Under Seal,"

filed by Defendants James W. Carell and CareAll, Inc. (Docket No. 229), and a "Motion in

Support of Defendants' Motion to File Documents Under Seal" filed by Plaintiff (Docket No.

234). Both Motions relate to the same two documents that were apparently produced by

Plaintiff, were designated "confidential" by Plaintiff, and were filed under seal by Defendants

(Docket Nos. 219-5 and 223-11).[1]

In the first Motion, Defendants request that the two documents at issue "be filed under

---

[1] Defendants state:

> These documents were inadvertently filed by ECF on March 4,
> 2011, and originally were not placed under seal. The United States
> informed Defendants of this error on March 9, 2011. That same
> day, [Defendants' counsel] spoke with the Clerk and requested the
> documents be treated as under seal. The Clerk did so.

Docket No. 229, p. 2.

Thus, the more precise issue is whether the documents at issue will remain under seal.

seal pursuant to this Court's revised Protective Order (Document Entry No. 122) . . . ."  Docket

No. 229, p. 1.  The grounds for the Motion are succinctly stated as follows: "Specifically, these

Exhibits contain matters that have been designated by the Government as confidential and

subject to this Court's Protective Order."  Docket No. 229, p. 2.  The only grounds given in the

Motion that would justify the documents' being filed under seal were that Plaintiff had

designated the Exhibits as "confidential" and that matters in those documents were "subject to

this Court's Protective Order."

The Protective Order that was jointly submitted by the parties to the Court originally

contained the following provision:

> (15) Filing of Documents.  The clerk shall accept for filing under
> seal any documents or filings so marked by the parties pursuant to
> the above paragraphs.

Prior to the entry of the joint Protective Order, the Court lined through the parties'

proposed language quoted above and replaced it with the following handwritten provision:

> If the parties wish to file Confidential Material with the Court, they
> shall follow the procedures discussed in *Procter & Gamble Co. v.
> Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and *Brown &
> Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983).

These two cases essentially stand for the proposition that parties in a civil action may not

file materials with the Court under seal merely because the parties themselves have (or one of the

parties has) designated the material confidential.  The *Proctor & Gamble* Court stated as

follows:

> In January of 1995, Bankers and P&G agreed to a broad stipulated
> protective order as part of the discovery process.  The order
> provided that parties and non-parties to the litigation – without
> court approval for "good cause" as required by Rule 26(e) of the
> Civil Rules – could, in their discretion, designate discovery

2

material as "confidential" and could have such material filed under <u>seal</u> if the parties agreed that it reflected "trade secrets or other confidential research, development or commercial information . . . ." . . . The parties and not the court would determine whether particular documents met the requirements of Rule 26.  The protective order further provided that the parties could modify its terms without approval of the court. . . .The presiding judge, the late Judge Carl Rubin during his terminal illness, signed the stipulated order allowing the parties to conduct the discovery process in secret.

. . .

While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and "is circumscribed by a long-established legal tradition" which values public access to court proceedings [*citing Brown & Williamson Tobacco Corp., supra*].  Rule 26(c) allows the sealing of court papers only "for good cause shown" to the court that the particular documents justify court-imposed secrecy.  In this case, the parties were allowed to adjudicate their own case based upon their own self-interest.  This is a violation of not only Rule 26(c) but of the principles so painstakingly discussed in Brown & Williamson.

. . .

The District Court cannot not abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public.  It certainly should not turn this function over to the parties, as it did here, allowing them to modify the terms of a court order without even seeking the consent of the court.  The protective order in this case allows the parties to control public access to court papers, and it should be vacated or substantially changed.

78 F.3d at 222, 227 (citations omitted).

Because the instant Motion did not establish why the documents were confidential, and properly subject to being filed under seal pursuant to the cases cited in the Protective Order, the undersigned asked Courtroom Deputy, Holly Vila, to contact counsel for Defendants and point out to counsel the referenced provision of the Protective Order.

The following day, Defendants James W. Carell and CareAll, Inc., filed a document

headed "Memorandum in Support of Motion for Leave to File Document Under Seal." Docket

No. 223. Despite its heading, that document did not actually "support" Defendants' previously-

filed Motion. Instead, Defendants explained essentially that the Government had designated the

two documents at issue as "Confidential and Subject to the Protective Order in This Case." *Id.*,

p. 1. The Memorandum further stated:

> To clarify, Defendants' review of the documents at issue indicate
> [*sic*] that the United States' Responses to CareAll, Inc.'s, First
> Discovery Requests (Doc. Nos. 219-5 and 223-11) do not contain
> confidential information with [*sic*] the meaning of the Protective
> Order the Court entered. (*See* Doc. Nos. 121, 122). Defendants, in
> this case, however, saw no reason to challenge the United States'
> designation of confidentiality at the time. In an effort to avoid
> another dispute in a case that has already its fair share of legitimate
> issues, Defendants passively agreed to treat the documents as
> confidential, so they filed the instant Motion to File Documents
> Under Seal (Doc. No. 229) in order to preserve the United States'
> designation.
>
> To the extent the Court is concerned about the United States'
> "confidential" designation, Defendants invite the United States to
> explain the basis for that designation.

Docket No. 233, p. 2.

Shortly thereafter, Plaintiff filed a "Motion in Support of Defendants' Motion to File

Documents Under Seal." Docket No. 234. In that Motion, Plaintiff states as follows:

> These materials should be filed under seal because they are
> protected by the law enforcement-investigative privilege and
> attorney-client privilege and are confidential matters of the United
> States Attorney Office and the Federal Bureau of Investigation that
> involve general policies and practices that are not even specific to
> this case. Thus, they should not be made public.

Docket No. 234, p. 2.

The issues raised by the parties' filings discussed above are familiar ones to the Court. The parties in cases often draft proposed joint Protective Orders that violate the requirements of *Procter & Gamble* and *Brown & Williamson*, and it appears that many attorneys are unfamiliar with the principles set forth in these two cases.[2] Moreover, the situation becomes more complex when, as here, one party files with the Court materials that have been designated as confidential by the other party. In that situation, the natural reaction of counsel filing the document would be to do exactly what Defendants' counsel did here – submit the document under seal and state that the reason it is confidential is that the other side had designated it as confidential. That, however, is not sufficient under the two controlling cases. The Court obviously must apply the law as set forth by the Sixth Circuit, and the Court must be "concerned" about the filing of documents under seal.

Because counsel for the United States, acting as an officer of the Court, has provided a basis for the Court to treat the documents as confidential, as discussed above, the two instant Motions are GRANTED, and the documents at issue (Docket Nos. 219-5 and 233-11) shall remain under seal.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

---

[2] The undersigned practiced law in Nashville for 20 years and was blissfully ignorant of these two cases until the undersigned became a Magistrate Judge.