GRANTED. *[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-0445 |
| | ) | |
| JAMES W. CARELL, ELIZABETH VINING (in her capacity as Personal Representative of the Estate of Robert Vining), DIVERSIFIED HEALTH MANAGEMENT, INC. (also known as CARELL MANAGEMENT, LLC), THE JAMES W. CARELL FAMILY TRUST, CAREALL, INC., VIP HOME NURSING AND REHABILITATION SERVICES, LLC (also known as VIP HOME NURSING and REHABILITATION, SERVICES, INC., PROFESSIONAL HOME HEALTH CARE, LLC (also known as PROFESSIONAL HOME HEALTH CARE, INC.) and UNIVERSITY HOME HEALTH, LLC (also known as UNIVERSITY HOME HEALTH, INC.), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**CONSOLIDATED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

Defendants hereby move this Court for permission to file, under seal, Defendants' Statement of Material Facts not in Dispute, and Exhibits 2 and 28 to the Declaration of Robert A. Peal. Specifically, Defendants request that certain facts, deposition excerpts, and exhibits related to the policies and procedures of the Federal Bureau of Investigation be filed under seal pursuant to this Court's revised Protective Order (Doc. No. 122), Administrative Practices Procedures to Electronic Case Filing (ECF) § 5.07, and under the principles of *Procter & Gamble* and *Brown*

& *Williamson Tobacco Corp. Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983). .

Defendants understand, given the Court's order and Memorandum Opinion (Doc. No. 241) that the interests of open government and public access must be weighed against arguments in support of sealing documents. *See Procter & Gamble*, 78 F.3d at 227 (discretion of court to issue protective orders is "'circumscribed by a long-established legal tradition' which values public access to court proceedings." (citations omitted)). As an initial matter, these documents contain matters that have been designated by the Government as confidential and subject to this Court's Protective Order.

Under Rule 26(c), a movant must show "good cause" to seal documents. FED. R. CIV. P. 26(e) ("The court may, for good cause, issue an order . . . ."). The Sixth Circuit case *Brown & Williamson Tobacco* offers further guidelines. 710 F.2d at 1179-80. Specifically, courts have discretion to seal documents under common law to protect interests including "certain privacy rights of participants or third parties, trade secrets and national security." *Id.* at 1179. This Court previously granted (Doc. No. 241) a Motion in Support of a Motion to File Documents Under Seal (Doc. No. 234) based on the assertion of law enforcement/investigative and attorney-client privileges. (U.S.' Mot. in Sup. of Defs.' Mot. to File Docs. Under Seal, Doc. No. 234, at 2.)

Defendants submit that these documents should be filed under seal, subject to the Court's protective order (Doc. No. 122), because the United States maintains that the documents potentially involve matters of national security and law enforcement. Solely for the purposes of this Motion Defendants contend that the United States' claimed interests of national security, as identified by the Sixth Circuit in *Brown & Williamson Tobacco*, and possibly the law enforcement privilege, as recognized by this Court in granting one of the United States' previous

2

Motions (Doc. No. 241), serve as sufficient cause for the Court to file these documents under seal pursuant to its Protective Order. *See Brown & Williamson Tobacco*, 710 F.2d at 1179-80.

For the purposes of this Motion to File Documents Under Seal, Defendants submit that the relevant FBI-related materials should be sealed as to the larger public because of the national security and investigative/law enforcement interests they implicate, particularly because the United States has asserted they could tend to reveal FBI investigative procedures and policies.

Accordingly, Defendants respectfully request that their Consolidated Statement of Material Facts not in Dispute, and Exhibits 2 and 28 to the Declaration of Robert A. Peal, be placed Under Seal until there are further orders of the Court that justify the unsealing of those documents.