**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **CASE NO. 3:09-0445** |
| | ) | **JUDGE WISEMAN/KNOWLES** |
| | ) | |
| | ) | |
| **JAMES W. CARELL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court following an in camera review of 37 emails or email strings that have been withheld by Plaintiff on the basis of the work product doctrine. Defendants initially filed a "Consolidated Motion to Compel Discovery of Certain Emails," with a supporting Memorandum. Docket Nos. 237, 238. Plaintiff filed a Response in Opposition to the Motion. Docket No. 250. The Court entered a Memorandum Opinion and Order that addressed, inter alia, the emails at issue. Docket No. 278. In that Order, the Court summarized the parties' positions as follows:

> In this Motion [to Compel], Defendants request that the Government be required to produce 37 emails or email strings by and between various Palmetto employees. Those emails are dated from August 23, 2005 to October 4, 2005, and the Government has withheld them on the basis of the work product doctrine. Apparently these dates are significant because Agent Covington testified in his deposition that he first referred this case to the Criminal Division on August 22, 2005, and referred it to the Civil Division on October 4, 2005.
>
> In refusing to produce the emails, the Government claims the

> disputed emails were created in anticipation of litigation and are
> protected work product. This is because the Palmetto employees
> who authored the emails were ostensibly working at the direction
> of an agent for the United States, and, contrary to Defendants'
> position, the proper standard for analyzing work product protection
> here is that revolving around a criminal investigation, not that
> under the False Claim Act. The Government also asserts that
> Defendants have failed to meet their burden of showing that they
> have a substantial need for these emails or have been unable to
> secure their equivalent by other means.

Docket No. 278, p. 25.

As the Court noted in the referenced Opinion and Order, this case involves the alleged overpayment of Medicare reimbursements to Defendants, billings, and eight Cost Reports for the fiscal years 1999, 2000, and 2001, submitted by several of the Defendants. Docket No. 278, p. 1-2. The Costs Reports were actually submitted to Palmetto Government Benefit Administrators, LLC ("Palmetto"), which served as a fiscal intermediary and administered the Medicare program for home health and hospice benefits in Tennessee. Docket No. 278, p. 2 n.1.

At some point in the past, the Government began to investigate the billings and Cost Reports. Special Agent Chris Covington was apparently the lead investigator, "who was working at the behest of Assistant United States Attorneys (AUSAs) for the United States Attorney's Office for the Middle District of Tennessee (USAO)."[1] Docket No. 250, p. 2. The emails at issue, with one exception, were all generated by Palmetto employees. According to Plaintiff's opposition to the Motion to Compel:

> Each e-mail responds to specific requests propounded by Special
> Agent Chris Covington. . . . Specifically, Covington would contact
> Palmetto employees who would then either respond directly or

---

[1] In some of the emails at issue, Agent Covington is referred to as an "OIG" Special Agent. *See, e.g.,* Document No. 61302.

> forward his request to other Palmetto colleagues to gain the requisite information to formulate an adequate response. A Palmetto employee would ultimately respond to Covington with the appropriate answer to his request.

Docket No. 250, p. 2.

The parties have also filed a "Joint Written Statement" regarding the instant dispute. Defendants argue in part that "these emails are between Palmetto employees, not attorneys or agents of the United States, and therefore are not work product." Docket No. 273-1, p. 2. The Government's position in that Joint Written Statement is as follows:

> The United States of America submits that these emails are covered by the work product doctrine because they reference meetings with attorneys for the United States and because they pertain to the execution by Palmetto employees of specific requests for information made by attorneys for the United States and their agents. The e-mails at issue were first sent on August 23, 2005, the day after this matter was first referred to an attorney within the Criminal Division of the United States Attorney's Office. The case was then referred to an official of the Civil Division on October 4, 2005. The United States maintains that the work product doctrine applies during that period and that litigation could be anticipated for purposes of the work product doctrine before the facts material to this right of action were, or should have been, known to the officials of the United States with responsibility to file this suit. . . .

Docket No. 237-1, p. 2-3.

Plaintiff relies on the work product doctrine as codified in Fed. R. Civ. P. 26(b)(3)(A).[2] That Rule provides as follows:

---

[2] Rule 26(b)(3) is derived from *Hickman v. Taylor*, 329 U. S. 495 (1947). *See* **Moore's Federal Practice 3d,** § 26.70[2][d], p. 26-439. Some courts have recognized that *Hickman* "is only partially codified in Rule 26(b)(3) and continues to have vitality outside the parameters of the Rule." *Id*. (Footnote omitted.). Plaintiff has not cited *Hickman* and makes no argument concerning it.

(3) Trial Preparation: Materials.

> (A) Documents and Tangible Things. Ordinarily a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4) those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

As one noted authority has stated:

> The purpose of the work product doctrine is to protect an attorney's mental processes so that the attorney can analyze and prepare for the client's case without interference from an opponent. The language of Rule 26(b)(3) attempts to strike a balance between the necessity of protecting an attorney's preparation under the adversary system, and the policy of full and open discovery underlying the Federal Rules of Civil Procedure.

**Moore's Federal Practice 3d,** § 26.70[1], p. 26-434 (footnotes omitted).

**Moore's** also notes, "because the doctrine is intended only to guard against divulging an attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product, or facts contained within work product." **Moore's Federal Practice 3d,** § 26.70[2][a], p. 26-435 (footnote omitted). *See also Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir. 1995); *In re: International Systems and Controls Corporation Securities Litigation*, 693 F.2d 1235, 1240 (5th Cir. 1982).

The burden of showing that the documents at issue constitute work product rests upon Plaintiff, which has invoked the doctrine. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009). Plaintiff spends most of its substantive argument attempting to show that the referenced materials were prepared in anticipation of litigation, and, for purposes of argument, the Court will assume that they were.

The Court's analysis must be governed by the language of Rule 26(b)(3)(A), which is quoted above. As it relates to the instant dispute, the Rule itself applies only to the discoverability of "documents and tangible things that are prepared in anticipation of litigation . . . by or for another party or its representative . . . ." Thus, the Rule would prohibit Defendant from discovering documents prepared in anticipation of litigation by the United States or by its representative. The Rule would also prohibit the discovery by Defendant of documents prepared in anticipation of litigation for the United States or for its representative. If the documents at issue do not satisfy at least one of the foregoing four criteria, the documents are not protected by the work product doctrine.

The emails at issue clearly were not prepared by Plaintiff, United States. Likewise, the emails at issue, with two exceptions discussed below, were not prepared by the "representative" of the United States, Agent Covington. While Plaintiff might have argued that the emails were prepared by its "agent," Palmetto (or Palmetto's employees), Plaintiff does not make this argument. Plaintiff concedes, "The United States does not argue that Palmetto employees were its direct 'agents.'" Docket No. 250, p. 10.

Thus, in order for the emails to constitute work product, they must have been prepared for the United States or for the representative of the United States, Agent Covington.

5

The Court has reviewed each of the emails at issue, and it is readily apparent that they were not prepared for either the United States or Agent Covington. The emails were prepared and sent by certain Palmetto employees in order to seek information from other Palmetto employees. Insofar as the emails themselves show, none of them was even sent to Agent Covington. While it may be the case that the information requested had been sought by Agent Covington, or that the information that may have been provided was responsive to requests made by Agent Covington, the emails themselves simply were not prepared "for" Agent Covington. They were only a convenient means by which Palmetto employees' could seek information from other Palmetto employees. The information they were seeking, in and of itself, is not work product.

In its opposition to the Motion to Compel, Plaintiff argues:

> [B]etween August 22, 2005 and October 4, 2005, Covington was actively investigating Defendants under the direction of AUSAs. . . . Over the course of his investigation, *he made requests for information to Palmetto employees. Some employees responded directly to Covington*, thus creating work product . . . . Other employees forwarded his requests to Palmetto colleagues to gain the requisite knowledge and information to make an adequate response *directly to Covington*.
>
> . . .
>
> Simultaneously, with these e-mail requests to Palmetto, Covington conducted several witness interviews, drafted investigative reports, and prepared to serve administrative subpoenas on Defendants to gain additional information in anticipation of prospective litigation.

Docket No. 250, p. 6-7.

These arguments are made in connection with Plaintiff's position that the documents were prepared in anticipation of litigation. The Court notes, however, that none of the

documents at issue reflect instances in which "employees responded directly to Covington." Moreover, none of the documents at issue involve Agent Covington's witness interviews, investigative reports, or preparation to serve administrative subpoenas. Additionally, with two exceptions, none of the documents at issue is Agent Covington's "e-mails to Palmetto employees . . . ." Docket No. 250, p. 7.

The two exceptions referred to above involve Document Nos. 61448 and 61449. Both these documents include an email (actually the same email) that Agent Covington apparently sent to certain Palmetto employees. These two emails were prepared in anticipation of litigation by Plaintiff's agent, Mr. Covington. These two emails are, therefore, protected by the work product doctrine. The Court notes, however, that the responses to these two emails contain factual matters that are not protected by the work product doctrine and that the Court assumes are well known to all parties.

For the foregoing reasons, on or before October 12, 2011, Plaintiff shall produce all the documents it has submitted for in camera inspection pursuant to the Court's prior Order, except that Plaintiff may redact those portions of Documents 61448 and 61449 that contain the email from Agent Covington.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge