IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) NO. 3-9-0445
) JUDGE CAMPBELL
JAMES W. CARELL, et al. )

MEMORANDUM

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment (Docket No. 315), Defendants' Consolidated Motion for Summary Judgment (Docket No. 329), and Defendants' Consolidated Motion to Strike (Docket No. 358). For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment (Docket No. 315) is DENIED; Defendants' Motion for Summary Judgment (Docket No. 329) is DENIED; and Defendants' Consolidated Motion to Strike (Docket No. 358) is DENIED as moot.

INTRODUCTION

Plaintiff, the United States, alleges that Defendants received reimbursements from the government in violation of Medicare laws. Plaintiff asserts that Defendants submitted false and fraudulent claims in their cost reports to Medicare because Defendants failed to disclose the related party status of Defendants' home health agencies and the management company which provided services to those agencies. Plaintiff contends that by submitting false and fraudulent cost reports, Defendants received amounts to which they were not entitled from Medicare.[1]

---

[1] For unrelated parties, Medicare reimburses the total amounts which the management company charges, including profits; but for related parties, Medicare reimburses only the management company's actual costs, without profits. In other words, a related party cannot make a profit from a transaction with a Medicare provider. *United States v. White*, 492 F.3d 380, 388 (6th Cir. 2007).

1

Plaintiff's Second Amended Complaint (Docket No. 87) asserts violations of the False Claims Act through presentation of false claims and the use of false statements. Plaintiff also asserts common-law claims for payment by mistake of fact and unjust enrichment. Both sides have filed Motions for Summary Judgment, and there are more than six hundred undisputed "facts" asserted by the parties, many of which are disputed by the other side.

This action was reassigned to the undersigned on October 21, 2011. Docket No. 376. Prior to that reassignment, Senior Judge Wiseman of this Court denied Defendants' Motions to Dismiss (Docket Nos. 86 and 111) and denied Defendants' Motions for Partial Judgment on the Pleadings (Docket No. 240).

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient

to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## STATUTE OF LIMITATIONS

Defendants' Motion for Summary Judgment is based solely on their statute of limitations defense. The False Claims Act ("FCA") statute of limitations is found at 31 U.S.C. § 3731(b), which provides that a civil action under the FCA may not be brought (1) more than six years after the date on which the violation is committed;[2] or (2) more than three years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, whichever occurs last. This Court has previously held that the "official" referenced in this statute must be a Justice Department official. Docket No. 85, pp. 7 and 9; *see also United States v. Macomb Contracting Corp.*, 763 F.Supp. 272, 274 (M.D. Tenn. 1990).

The statute of limitations for Plaintiff's common law claims is found at 28 U.S.C. § 2415, which provides that every action for money damages brought by the United States which is founded upon any contract shall be barred unless the complaint is filed within six years after the right of action accrues.[3] Section 2416 is a tolling provision which excludes, for purposes of the statute of limitations in Section 2415, all periods during which facts material to the right of action are not

---

[2] Judge Wiseman noted: It is "apparently undisputed that the Plaintiff's claims fall outside the six-year limitations period set forth in § 3731(b)(2)." *See* Docket No. 85, p. 6.

[3] The Court has previously found that Plaintiff's common law claims are subject to this six-year statute of limitations for actions brought by the United States. Docket No. 85, p. 12; Docket No. 111, p. 2.

3

known or reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstance. 28 U.S.C. § 2416 (c).

The Court denied Defendants' Motion to Dismiss Plaintiff's claims on statute-of-limitations grounds. Docket No. 85. Defendants now contend that it is undisputed that the related party allegations upon which Plaintiff's claims are based were known to the United States as far back as 1989 and were repeatedly investigated and pursued by agents of the Plaintiff over a number of years thereafter. For example, Defendants allege that the fiscal intermediary for the government received an anonymous letter in 1989 that raised the possibility of fraud with regard to the ownership and operation of Defendants' home health care agencies. Defendants contend that Plaintiff knew or reasonably should have known the facts material to the right of action long before the filing of this action, since the government had been alerted to the fact that these parties could be related.

As the Court has previously found, the material fact of which the government needed to be aware prior to taking any action was not simply the alleged related party relationship, however, but the filing of fraudulent and falsified cost reports that failed to disclose a related party relationship. It is not against the Medicare laws to be in a related party relationship, but it is against the law to submit false and fraudulent claims. Until false or fraudulent claims were submitted, therefore, the government had no right of action against Defendants for submitting false or fraudulent claims.

This action alleges the submission of eight false and fraudulent cost reports in 1999, 2000 and 2002. The issue, thus, is when Plaintiff knew or reasonably should have know that these eight cost reports were false or fraudulent. Obviously the government could not have known that these specific reports were false until they were actually filed.

4

The Court previously held that a cause of action for Medicare overpayment generally does not accrue until the government's fiscal intermediary charged with administering the Medicare benefits at issue conducts a comprehensive final audit of the cost report and issues a written Notice of Program Reimbursement ("NPR"). Docket No. 85, p. 15; Docket No. 111, p. 2.

In this case, NPRs were issued for two of the cost reports at issue on June 3, 2005, and September 24, 2004. Docket No. 111, p. 3 (quoting Plaintiff's Second Amended Complaint - Docket No. 87). Plaintiff alleges that no other NPRs were issued for the subject cost reports because, on September 12, 2005, the United States Department of Health and Human Services placed a suspension on the other six cost report files.[4] *Id.* This action was filed on May 18, 2009.[5]

The Court finds that there are genuine issues of material fact as to when the Plaintiff knew or reasonably should have known that these eight cost reports were false and/or fraudulent. For example, Plaintiff asserts that the first notice to the U.S. Attorney's Office of this matter was on August 22, 2005, and that the Justice Department neither knew nor reasonably should have known about these false reports before then.[6] Defendants, on the other hand, claim that because agents of the government knew about the alleged related party relationship long before August 22, 2005, Plaintiff is charged with that knowledge or, at a minimum, *should have known* of the related party

---

[4] This Court found September 12, 2005, to be a reasonable alternative date for the accrual of claims concerning those cost reports where no NPRs were issued. Docket No. 111, p. 6.

[5] Defendants Carell, Diversified Health Management, Inc. and the James W. Carell Family Trust entered into three separate tolling agreements with the United States that tolled the statute of limitations for (1) October 30, 2006 through May 1, 2007; (2) February 6, 2009 through April 20, 2009; and (3) April 20, 2009 through May 18, 2009. Docket No. 87, p. 3; Docket No. 111, p. 4.

[6] Even if representatives of the government had been advised earlier of a potential related party issue, there are issues of fact as to the reasonableness of their not taking action sooner, such as whether and when there was sufficient evidence of false and fraudulent cost reports.

relationship. Determining what the Justice Department knew and when it reasonably should have known it involves classic issues of fact which cannot be determined on summary judgment.

For these reasons, Defendants' Consolidated Motion for Summary Judgment (Docket No. 329) is DENIED.

## RELATED PARTIES

The United States alleges that Defendants' cost reports were false and fraudulent because they failed to disclose the existence of a "related party" relationship. A "related party" is defined as including a situation where the provider, to a significant extent, has control or is controlled by the organization furnishing the services, facilities or supplies. Control exists if an individual or an organization has the power, directly or indirectly, to significantly influence or direct the actions or policies of an organization. *United States v. White*, 492 F.3d 380, 388 (6th Cir. 2007).

Providers are required to identify any costs attributable to a related party on the annual cost report and elsewhere to permit the fiscal intermediary to determine whether there are any related party costs which might have to be adjusted. *White*, 492 F.3d at 388. In addition, with the filing of the cost report, an officer or administrator of the provider must give written responses to a questionnaire that asks, among other things, whether the provider or the management personnel are associated with any related organizations and, if so, to identify such related organizations. *Id.*

Plaintiff argues that whether these parties are "related" for purposes of the Medicare laws is undisputed. Defendants disagree. The Court finds that determining whether these home health agencies were controlled to a significant extent by the management company, including whether any of the other Defendants had the power, directly or indirectly, to significantly influence or direct the actions or policies of the home health agencies, involves genuine issues of material facts on several

6

levels. Thus, the basic premise upon which the government's claim that these cost reports were false and fraudulent is disputed - that is, whether there existed a related party relationship that should have been disclosed. The Court cannot find, as a matter of law, that these parties were "related" as that term is used in the Medicare laws.

According, the Court finds that Plaintiff's Motion for Partial Summary Judgment should be DENIED on the related party issue, thereby mooting Plaintiff's other arguments which need be addressed only if these parties are found to be "related" as a matter of law. If these parties were not "related," then the subject cost reports were not false.

## MOTION TO STRIKE

Defendants' Consolidated Motion to Strike (Docket No. 358) is DENIED as moot, since the Court did not rely on the evidence sought to be excluded in making this ruling.

## CONCLUSION

For all these reasons, Plaintiff's Motion for Partial Summary Judgment (Docket No. 315) is DENIED; Defendants' Consolidated Motion for Summary Judgment (Docket No. 329) is DENIED; and Defendants' Consolidated Motion to Strike (Docket No. 358) is DENIED as moot.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE